IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LIMARIS ESTHER COTTO-FLORES,<br><br>Defendant. | CRIMINAL NO. 18-702 (CCC)<br>CRIMINAL NO. 19-778 (CCC) |

## REPORT AND RECOMMENDATION

Defendant Limaris Esther Cotto-Flores was charged in Counts One thru Thirty-Five of the Indictment in Criminal Case No. 18-702 (CCC) and in Count One of the Information in Criminal Case No. 19-778 (CCC). She agreed to plead guilty to Counts One, Twenty-Nine and Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 18-702 (CCC).

Count One and Twenty- Nine of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC) charge Defendant with bank fraud, all in violation of 18, United States Code, Section 1344(2).

Count Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) charges Defendant with aggravated identity theft, all in violation of Title 18, United States Code, Section 1028A(a)(1).

On December 11, 2019, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury and Waiver of Indictment which she signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Limaris Esther Cotto-Flores
Criminal No. 18-702 (CCC) and Criminal No. 19-778 (CCC)
Report and Recommendation
Page 2

Defendant indicated and confirmed her intention to plead guilty to Counts One, Twenty-Nine and Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC), upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One, Twenty-Nine and Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC), she was examined and verified as being correct that: she had consulted with her counsel, Luis Rafael Rivera, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

     As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences.   During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

     Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had

been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. As to Count One and Twenty-Nine of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC), the statutory penalty is a term of imprisonment not to exceed thirty (30) years; a fine not to exceed one million dollars ($1,000,000.00); and not more than five (5) years of supervised release. 18 U.S.C. §§ 1344; 3599(a)(2); 3571(b)(1); 3583(b)(1) (Class B Felony).

As to Count Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC), the Defendant must be sentenced to a term of imprisonment of two (2) years; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and not more than one (1) year of supervised release. 18 U.S.C. §§ 1028A; 3559(a)(5); 3571(b)(3); 3583(b)(2) (Class E Felony).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a), for a total of four hundred dollars

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

($400.00).

Defendant is aware that the Court may, pursuant to Section 5E1.2, order Defendant to pay a fine.

Defendant acknowledges that restitution shall be imposed for any pecuniary loss suffered by an identifiable victim pursuant to 18 U.S.C. §3663A(c)(1)(B). Defendant has agreed to the entry of a restitution order in the amount of $145,000 in favor of the Company A and in the amount of $480,000 in favor of Company B.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The above-captioned parties' estimate and agreement that appears on page six (6), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.

Pursuant to U.S.S.G. §2B1.1(a), the Base Offense Level for Counts One and Twenty-Nine of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC) is of Seven (7). Pursuant to U.S.S.G. §2B1.1(b)(1)(H), an increase of fourteen (14) levels is agreed for a special offense characteristic: loss in excess of $550,000.00. Pursuant to U.S.S.G. §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Eighteen (18), yielding an imprisonment range of twenty-seven (27) to thirty-three (33) months, assuming a Criminal History Category of I; thirty (30) to thirty-seven (37) months, assuming a Criminal History Category of II.

Case 3:18-cr-00702-PG   Document 43   Filed 12/16/19   Page 6 of 9

United States of America v. Limaris Esther Cotto-Flores
Criminal No. 18-702 (CCC) and Criminal No. 19-778 (CCC)
Report and Recommendation
Page 6

As to Count Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC), pursuant to U.S.S.G. §2B1.6, there is a mandatory term of twenty-four (24) months of imprisonment consecutive to any other sentence.

The parties do not stipulate as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree that they shall recommend a sentence of imprisonment of fifty-four (54) months.

Defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, United States Code, Section 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by the parties. The parties agree that, any request for an adjustment or departure will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Following sentencing, the United States shall request the dismissal of the remaining Counts in Criminal Case No. 18-702 (CCC) (Counts 2-28, 30-32, 34-35), unless

<u>United States of America v. Limaris Esther Cotto-Flores</u>
Criminal No. 18-702 (CCC) and Criminal No. 19-778 (CCC)
Report and Recommendation
Page 7

Defendant has materially breached the terms of the Plea Agreement.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offenses, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to

any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with hrt counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment and the Information in open court because she is aware of their contents, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Counts One, Twenty-Nine and Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC) was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offenses. Thereupon, defendant indicated he was pleading guilty to Counts One, Twenty-Nine and Thirty-Three of the

<u>United States of America v. Limaris Esther Cotto-Flores</u>
Criminal No. 18-702 (CCC) and Criminal No. 19-778 (CCC)
Report and Recommendation
Page  9

Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One, Twenty-Nine and Thirty-Three of the Indictment in Criminal Case No. 18-702 (CCC) and Count One of the Information in Criminal Case No. 19-778 (CCC).

IT IS SO RECOMMENDED.

The sentencing hearing is set for March 10, 2020 at 1:30 pm before Honorable Carmen Consuelo Cerezo, District Judge.

The parties have fourteen (14) days to file any objections to this Report and Recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

In San Juan, Puerto Rico, this 12th day of December of 2019.

                                          s/ CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE